# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Gerard L. Roy,

Civil No. 21-539 (DWF/ECW)

Plaintiff,

v.

**MEMORANDUM OPINION
AND ORDER**

Grinnell Mutual Reinsurance
Company; Heartman Agency,

Defendants.

---

Gerard L. Roy, *Pro Se*.

Brian W. Varland, Esq., and Valerie Sims, Esq., Heley, Duncan & Melander PLLP,
counsel for Defendants.

---

## INTRODUCTION

This matter is before the Court on Defendants Grinnell Mutual Reinsurance

Company ("Grinnell") and Heartman Agency's ("Heartman") (collectively

"Defendants") Motion to Dismiss.  (Doc. No. 6 ("Motion").  Plaintiff Gerard L. Roy

("Roy") opposes the Motion.  (Doc. No. 13 ("Pl. Opp.").)  For the reasons below, the

Court grants Defendants' motion.

## BACKGROUND

This insurance dispute arises out Defendant Grinnell's denial of Roy's claim for

equipment and tools destroyed in a garage fire on May 20, 2015.  (Doc. No. 1

("Compl.") ¶ I at 1-2.)  Roy alleges breach of contract, bad faith denial, breach of

fiduciary duty, negligent and fraudulent misrepresentation, and consumer fraud.
(*Id.* ¶¶ 12-68.)

In his Complaint, Roy asserts that he previously filed this action in Hennepin County District Court in Minnesota but that it was dismissed without prejudice. (*Id.* ¶ I at 2.)  He also states that he subsequently re-filed the action in Scott County District Court in Minnesota.  (*Id.*)

The record reflects that the Scott County District Court dismissed Roy's action with prejudice on August 17, 2020 and entered judgment three days later.[1]  (Doc. No. 9 ("Varland Decl.") ¶ 2, Ex. A ("Decision").)  Roy appealed the Decision in September 2020; however, the Minnesota Court of Appeals dismissed Roy's appeal and declined to reinstate it after Roy repeatedly failed to timely comply with the Minnesota Rules of Civil Appellate Procedure.  (*See id.* ¶¶ 3-5, Exs. B, C, D (collectively, "Dismissal").)

In his opposition to Defendants' Motion, Roy states that "he is not filing a new complaint, but simply moving the original complaint from the State Appellate Court to Federal District Court."  (Pl. Opp. at 2.)  Indeed, the instant action involves the same parties and factual circumstances as Roy's action previously litigated and dismissed in state court.[2]  (*Compare* Complaint *with* Decision.)

---

[1]     The Scott County District Court found that Roy's claims were time barred pursuant to Minn. Stat. ¶ 65A.01 Subd. 3.  (Decision ¶ 4.)

[2]     In the instant action, Roy added Defendant Heartman as a defendant; however, he does not allege any facts in the Complaint specific to Heartman or seek any relief against Heartman.  (*See* Complaint.)

Defendants argue that Roy's Complaint is barred by the doctrine of res judicata.

**DISCUSSION**

A motion to dismiss based on principles of res judicata is properly brought under

Federal Rule of Civil Procedure 12(b)(6). *C.H. Robinson Worldwide, Inc. v. Lobrano*,

695 F.3d 758, 763-64 (8th Cir. 2012). In deciding a motion to dismiss under

Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all

reasonable inferences from those facts in the light most favorable to the complainant.

*Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need

not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview

Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader

from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). Although a complaint need not contain "detailed factual allegations," it must

contain facts with enough specificity "to raise a right to relief above the speculative

level." *Id*. at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements," will not pass muster

under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S.

at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation

that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

A court deciding a motion to dismiss may consider the complaint, matters of

public record, orders, materials embraced by the complaint, and exhibits attached to the

complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999);

*see also C.H. Robinson Worldwide*, 695 F.3d at 764 (stating that with particular respect to

res judicata, a court may consider not only the facts alleged in the complaint, but also

public records and materials embraced by the complaint).  Here, the Court has considered

the factual allegations in Roy's Complaint, as well as the public records cited above.

Res judicata, also known as claim preclusion, prohibits "repetitious suits involving

the same cause of action" once "a court of competent jurisdiction has entered a final

judgment on the merits."  *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 597

(1948); *see also Banks v. Int'l Union Elec.*, 390 F.3d 1049, 1052 (8th Cir. 2004).  "The

law of the forum that rendered the first judgment controls the res judicata analysis."

*St. Paul Fire and Marine Ins. Co. v. Compaq Computer Corp.*, 539 F.3d 809, 821 (8th

Cir. 2008) (citing 28 U.S.C. § 1738); *see also Taylor v. Sturgell*, 553 U.S. 880, 891 n.4

(2008) ("For judgments in diversity cases, federal law incorporates the rules of preclusion

applied by the State in which the rendering court sits.").  Here, Minnesota's rules of

preclusion apply.

In Minnesota, res judicata applies as an absolute bar to a subsequent claim when:

(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim

involved the same parties or their privies; (3) there was a final judgment on the merits;

and (4) the estopped party had a full and fair opportunity to litigate the matter.

*Hauschildt v.Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004).  "All four prongs must be

met for res judicata to apply."  *Id.*  Moreover, "[r]es judicata applies to all claims that

could have been litigated in the earlier action in addition to those claims that actually were litigated." *St. Paul Fire and Marine Ins. Co.*, 539 F.3d at 821.

Here, the Court finds that all four prongs are satisfied. First, all of Roy's claims arise from the same 2015 garage fire and subsequent denial of insurance coverage that he previously litigated in state court. Roy's claims also involve the same parties as his state court action.[3] It is also clear that there was a final judgment on the merits after Roy had a full and fair opportunity to litigate the matter.[4] (*See* Decision; Dismissal.) Roy even concedes that the instant Complaint arises from the same set of factual circumstances he previously litigated in Scott County District Court and had the opportunity to litigate in the Minnesota Court of Appeals. (Pl. Opp. at 2 (asserting that he moved his original complaint from State to Federal court).)

The Court recognizes Roy's frustration that his claims were dismissed with prejudice as time barred, and that he disagrees with the Decision. This does not alter the fact that Roy had a full and fair opportunity to litigate his claims and that he lost. Roy

---

[3]    The fact that Roy added Heartman as a defendant does not change the Court's analysis.

[4]    While Roy contends that his lawsuit is still pending because he simply moved it from state to federal court (Pl. Opp. at 2), the Court notes that his claims were dismissed with prejudice prior to moving the action. (*See* Decision.) Moreover, prior to moving the lawsuit, Roy unsuccessfully appealed the Decision with the Minnesota Court of Appeals. The rules do not permit Roy to now move his lawsuit after exhausting his remedies in state court.

cannot now seek a different outcome by trying his claims in a different court.[5]

*Hauschildt*, 686 N.W.2d at 837.

## CONCLUSION

For the reasons set forth above, the Court finds that Roy's claims are barred by res judicata.  Therefore, the Court grants Defendants' Motion.[6]

## ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS ORDERED** that:

1.     Defendants' Motion to Dismiss (Doc. No. [6]) is **GRANTED**.

2.     Plaintiff's Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  May 12, 2021                                    s/Donovan W. Frank
                                                                    DONOVAN W. FRANK
                                                                    United States District Judge

---

[5]     The Court observes that even if it were to consider Roy's Complaint on the merits, it too would be bound by the same statute of limitations that necessitated dismissal of his claims in state court.

[6]     The Court encourages Roy to consult an attorney should he have any remaining questions or concerns.